## LIMMER LINDLEY V. FRANKLIN FIRE INSURANCE COMPANY.

No. 7619.  Decided May 7, 1941.
Rehearing overruled July 9, 1941.
(152 S. W., 2d Series, 1109.)

*C. C. McKinney,* of Cooper, *Jackson & Stell,* of Sulphur Springs for plaintiff in error.

The Court of Civil Appeals erred in determining that even though the policy of insurance was payable to plaintiff in error, and her alone, that the children of said plaintiff and her deceased husband were proper and necessary parties plaintiff in the suit. Pacific Mut. Life Ins. Co. v. Williams, 79 Texas 633, 15 S. W. 478; Bates v. Crane County, 126 Texas 477, 90 S. W. (2d) 243.

*Storey, Sanders, Sherill & Armstrong,* of Dallas, for defendant in error.

On the question of res adjudicata. Paggi v. Rose Mfg. Co., 285 S. W. 852; Maxcy v. Norsworthy, 49 S. W. (2d) 885.

The agent of the defendant in error has no authority to waive any provision of the policy. Sovereign Camp Woodmen of the World v. Lillard, 174 S. W. 619; Eureka Security Fire & Marine Co. v. DeRoss 40 S. W. (2d) 924; Fraser v. Rogers, 56 S. W. (2d) 911.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Mrs. Limmer Lindley, who was formerly Mrs. W. H. McMurtree, instituted this suit in the District Court of Delta County against Franklin Fire Insurance Company. The parties will be referred to as in the trial court.

The suit was based upon an insurance policy issued by defendant which covered a house situated upon a small tract of land and certain personal property. The house and improvements were insured in the sum of $850.00. The presonal property was insured in the sum of $450.00.

The Company pleaded that the policy was void as to the residence and improvements, and in this regard pleaded that the cause of action was res adjudicata. This plea was based on the fact that on a former appeal it had been held that the contract of insurance was void. In the trial court judgment was rendered in favor of plaintiff for the full amount sued for, and this judgment was reversed by the Court of Civil Appeals, and the cause was remanded. 128 S. W. (2d) 869.

The Court of Civil Appeals held, among other things, that the children of plaintiff were necessary parties to the suit, and

upon this point the writ of error was granted. We are of the opinion that in so holding the Court of Civil Appeals was in error, but for an entirely different reason than that assigned by it.

It is undisputed that at the time the policy in question was issued to plaintiff (then Mrs. McMurtree) the land upon which the house was situated was not owned by her unconditionally. At the most, she owned a life estate and homestead interest. The policy contained the following provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured in the property be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple * * *."

On the former appeal the Court of Civil Appeals at Amarillo held that because of this provision, the policy was void as to the insurance on the building and improvements. Franklin Fire Ins. Co. v. Lindley, 80 S. W. (2d) 798. Writ of error was refused by the Supreme Court. At that time the children as well as Mrs. Lindley were parties to the suit. While the case was reversed and remanded, it is obvious from the opinion that it was reversed solely because the record was not in such condition that a decision could be made as to the personal property.

It is insisted, however, that the prior decision is not the law of the case in this regard, because on the second trial plaintiff sought to uphold the policy on the ground of waiver. The pleadings in the first trial were substantially the same as on the second trial. Plaintiff sought to sustain her contention of waiver on the ground that the agent who wrote here application and delivered the policy was fully advised as to the condition of the title of the real estate and knew she was not the unconditional owner of same. It is insisted, however, that notwithstanding such knowledge the policy was written and delivered. In this connection it was claimed by plaintiff that although the application attached to the policy contained representations to the effect that she was the sole owner of the property, as well as other material representations, nevertheless she made true answers to questions propounded to her by the agent and he falsely recorded her answers. She further

claimed that she did not sign the application, although her name appeared to be signed to same.

For the purpose of this decision, we shall assume that the question of waiver was not decided on the former appeal. We are nevertheless of the opinion that this contention is not well founded. The authority of the agent was denied under oath. It is undisputed that he could not make contracts, as is evident from provisions of the policy hereinafter quoted. It is true the policy was not effective until countersigned by him, but this does not change the fact that his authority was expressly a limited one.

The policy in question contained, among other things, the following:

"* * And no officer, agent or other representative of this Company shall have power to waive any provisions or conditions of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have power or be deemed or held to waive such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.

"* * But this policy or any endorsements thereon, or attached thereto, of any kind shall not be valid until countersigned by the Managers of the Farm Department at Chicago, Illinois, who *alone* shall have power or authority to waive or alter any of the terms or conditions of this policy, or to make or attach endorsements thereon.

The application upon which the policy was based contained the following provision: "This Company shall not be bound by any act or statement made by or to any agent, or other person, which is not contained in this my application." There was the further following provision: "This application in all cases to be signed by the applicant, or some person duly authorized by him or her. In no case by the agent."

1, 2 There was no proof that the agent signed the name of Mrs. McMurtree to the application, nor was it shown that the

person who signed her name was not authorized to do so. It might be reasonable to assume that her name was signed to the application by some one duly authorized to sign same. However, it is now the well settled rule of this State, where the application for insurance is attached to the policy and is made a part of same, that the insured becomes bound by the representations and warranties made therein, whether signed by the insured or not; and material provisions and conditions of the policy cannot be waived bv the agent, when the limitations on the agent's authority are set forth in the application and in the policy. Texas State Mutual Fire Ins. Co. v. Richbourg, 257 S. W. 1089; Home Ins. Co. v. Lake Dallas Gin Co., 127 Texas 479, 93 S. W. (2d) 388, and authorities therein cited.

3    The question of the validity of the policy, as well as the effect of the prior decision in this regard, was raised in the brief of defendant in the Court of Civil Appeals by several assignments. As the policy is void so far as the house and improvements connected therewith are concerned, the Court of Civil Appeals necessarily erred in holding that the children were necessary parties, because neither they nor plaintiff could maintain the suit in that respect.

The Court of Civil Appeals held that the trial court should have submitted to the jury the question of the value of personal property destroyed. This conclusion was reached because the only testimony on the matter of value was that of the plaintiff herself. It is, of course, a well settled rule that the unsupported evidence of a party to a suit will not authorize or support an instructed verdict. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Texas 23, 91 S. W. (2d) 332. This rule, however, has no application here. Although the case was tried before a jury, no request was made by plaintiff or defendant for submission of an issue as to value of the personal property. The judgment recites that as no request was made for submission of an issue concerning value, the court made a finding thereon itself. Under Article 2190 the court was authorized to do so. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79. In our opinion the objections to plaintiff's testimony on value went more to its weight than to its admissibility, and there was ample evidence to justify the Court's finding on value. We therefore conclude that the Court of Civil Appeals erred in holding as it did in this respect.

The policy contained a provision as follows: "This Company shall not be liable for loss caused directly or indirectly * * * by explosion of any kind (unless fire ensues, and in that event, for the damage by fire only)." There is evidence to indicate that possibly the explosion of an oil stove caused the fire. Defendant complains of the failure of the court to require plaintiff to negative by pleading and proof that no loss was caused by the explosion. It is undisputed, however, that fire ensued and caused complete destruction of the house and its contents, as well as loss of other personal property. We therefore think there is no merit in this contention.

For the reasons stated herein the judgment of the Court of Civil Appeals is reversed. The judgment of the district court is reformed by striking therefrom the recovery of $850.00 allowed as loss of the house and garage. The judgment of the trial court in the sum of $450.00 as value of personal property is affirmed.

The plaintiff will pay all costs of appeal in the Court of Civil Appeals, and defendant will pay all costs in this Court.

Opinion adopted by the Supreme Court May 7, 1941.

Rehearing overruled July 9, 1941.