**R. E. MIZE, Appellant,**

v.

**Elbert LAVENDER, Appellee.**

**No. 4101.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 14, 1966.

Rehearing Denied Nov. 4, 1966.

John J. Watts, James D. Cunningham, Odessa, for appellant.

John P. Camp, Abilene, for appellee.

GRISSOM, Chief Justice.

R. E. Mize sued Elbert Lavender for damages suffered by his wife which was the alleged result of Lavender's negligence and a proximate cause thereof. A summary judgment was rendered for Lavender and Mize has appealed.

Appellant's only point of error is that the court erred in rendering a summary judgment for Lavender because there was a genuine issue of material fact as to whether Lavender was negligent in having a carpet on the floor of his restaurant that was "too thick" under the circumstances. We hold that the evidence raised no issue of fact as to the alleged negligence or that it was a proximate cause of Mrs. Mize's injury. The mere fact that an invitee falls in a place of business does not render the owner liable. Here, there is no evidence that thickness of the rug either caused the fall, was negligence or a proximate cause of Mrs. Mize's injury. When Lavender's motion was granted the record consisted of plaintiff's amended petition, defendant's answer, defendant's motion for a summary judgment with Barton's affidavit attached, plaintiff's reply thereto and the depositions of Mr. and Mrs. Mize and Mr. Barton. Appellant says the only question is whether the record shows there was a genuine issue of material fact raised by pleadings and evidence as to whether appellee was negligent in having a carpet on the floor that was too thick; that he alleged appellee was guilty of negligence in having a carpet on the floor that was too thick under the circumstances and since he so alleged, the question is whether appellee produced evidence, sufficient as a matter of law, to negative such allegation and, therefore, it is necessary only to see whether appellee discharged his alleged burden of proving that he was not negligent in having a carpet that was too thick.

The controlling question is whether the record shows there was no issue of fact as to appellee's negligence in having a carpet that was "too thick under the circum-

stances." Appellant says there is a conflict in the testimony as to whether the carpet was too thick. He says the affidavit of Barton was defective because it failed to comply with Rule 166-A, Section e. The affidavit shows it was based on Barton's knowledge and that he can testify to the facts stated. Appellant says an issue of fact was raised as to whether the carpet was too thick by the testimony of Barton because he is one of the partners and the the manager of Lavender's Cafeteria. He then points to the testimony of Mrs. Mize that the carpet was in good condition; that it looked heavier "than this"; that it was a thick carpet, if she remembered right; that it was heavier than some unknown material shown her. Thus, appellant contends, a material question of fact was raised as to whether the carpet that covered the restaurant floor was "too thick under the circumstances" and, presumably, that its use constituted negligence which was a proximate cause of her injury. Clearly, whether the carpet was thick or thin was not an ultimate issue. We find no evidence that use of a "thick" carpet constituted negligence or a proximate cause of Mrs. Mize's injury.

Appellee presents counterpoints that the court correctly sustained appellee's motion for a summary judgment because (1) the evidence shows the condition of the carpet did not involve an unreasonable risk of harm, as a matter of law; (2) its condition was open and obvious and appellee owed Mrs. Mize no duty with respect thereto and (3) the evidence conclusively shows the condition of the carpet was not a proximate cause of her fall. Certainly, said counterpoints one and three are correct.

Mrs. Mize's testimony was in substance that she was attending a banquet at Lavender's Cafeteria. The members congregated in a dining room where they were seated and food served them. Mrs. Mize thought the carpet on the floor was a hard-weave, but she was not sure. She did not see any foreign matter on the floor. Mrs. Mize had

eaten there twenty times before. She did not see any hole, tear or depression in the floor or carpet. The carpet seemed to her to be in good condition. After eating, Mrs. Mize arose. She testified that she was sitting at the table with her feet flat on the floor and that she tried to move her "chair" backward while she was sitting in it but it would not move. She kept on pushing with her feet flat on the floor and the chair "gave a little" and she stood up. After she stood up she felt sick in her stomach, had a pain in her hip and, as she turned and moved to her left, she fell; she was on her feet a second or two before she fell; she did not trip over anything; she was sitting in and had some of her weight on her chair when she tried to move it backward; she weighed 164 pounds; she realized that any chair in which a person is sitting will not slide as easily on a carpet as on a hard surface.

Mr. Mize inspected the premises a week later. He found no hole or defect and no evidence of repair of the carpet. The carpet seemed to be in good condition. It was soft, but he testified that chairs would slide across the carpet "all right." He found no defect in the carpet.

The affidavit of Mr. Barton was as follows:

"The carpet upon which the chair in which Mrs. Mize had been sitting just before she fell was a hard weave, closely woven woolen carpet designed for use in cafeterias and other commercial establishments. * * * It was laid on a concrete floor with a thin pad under it. It had very little 'give' to it. A chair would slide easily across this carpet with a person sitting in the chair. Shortly after Mrs. R. E. Mize fell, I looked at the carpeting where Mrs. Mize had been sitting and it was just like all the other carpeting in the place. There were no holes, depressions, ragged spots or defects in the carpeting, and nothing to prevent a chair from sliding easily when a person sitting in the chair pushed it back."

Appellee says, and we think correctly, that in a suit by an invitee against an occupier of premises the invitee must prove he was injured as a proximate result of encountering a condition on the premises involving an unreasonable risk of harm; that he was injured as a proximate result thereof and that the occupier owed him the duty to take reasonable precautions to warn him, or to protect him from such danger. Halepeska v. Callihan Interests, Inc., (Sup. Ct.), 371 S.W.2d 368, 378. To be entitled to the summary judgment the defendant has the burden of establishing that there were no issues of material fact determinative of liability. We think it is evident that appellant did not raise a question of fact as to whether Mrs. Mize was injured as a proximate result of encountering a condition on appellee's premises involving an unreasonable risk of harm. Appellee says he negated the existence of such a condition by showing there were no holes, depressions, defects, or ragged spots in the carpet and nothing to prevent a chair from sliding across it and that appellant offered nothing to the contrary. Appellant's contention that the carpet was thick and appellee's contention that it wasn't very thick did not raise a material issue of fact. Thickness alone furnishes no measure of defendant's culpability. The important thing is that there was no evidence of a condition on appellee's premises involving an unreasonable risk of harm. No conclusion that a condition existed on the appellee's premises involving an unreasonable risk of harm can be drawn from mere proof of her fall. Under the decisions in Halepska v. Callihan Interests, Inc., supra, and Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, we hold there was no evidence that a dangerous condition existed that was a proximate cause of Mrs. Mize's fall. No issues of fact concerning the essential elements of appellant's alleged cause of action were raised by the evidence. See Medallion Stores, Inc. v. Eidt, Tex.Civ.App., 405 S.W.2d 417, 421 and 61 A.L.R.2d 122, Sec. 6. Appellant's points are overruled.

The judgment is affirmed.