**Henry SEIDENECK et ux., Appellants,**

**v.**

**CAL BAYREUTHER ASSOCIATES,**
**Appellees.**

**No. 4322.**

Court of Civil Appeals of Texas.

Eastland.

June 20, 1969.

Rehearing Denied July 11, 1969.

Payne, Pace & Benners, Fred H. Benners, Dallas, for appellants.

Thompson, Knight, Simmons & Bullion, Timothy E. Kelley, Dallas, for appellees.

WALTER, Justice.

Henry Seideneck and his wife Margaret filed suit against Richard C. Seymour and Gloria Bayreuther, doing business as Cal Bayreuther Associates for damages for personal injuries sustained by Mrs. Seideneck when she tripped on a rug and broke her wrist while shopping in defendants' showroom. When the plaintiffs rested, the court granted defendants' motion for an instructed verdict and judgment was rendered against the plaintiffs. The plaintiffs have appealed.

Mrs. Seideneck went to appellees' showroom to purchase merchandise for her gift shop. She approached a display table to check the price tag on a miniature Christmas tree. After checking the price, she backed away from the table and her heel was caught causing her to fall backwards. She then looked to see what had caused

her to fall and noticed a small throw rug made with loops and fringe extending out from under the edge of the table. The throw rug was about thirty six inches in diameter. The defendant Seymour described the rug as a loosely woven fringe and tassel type with openings or loops of one inch in diameter. He further testified that the rug extended beyond the edge of the display table six to eight inches or possibly a foot. Mrs. Seideneck was asked "How far beyond the edge of the table would you estimate that the rug extended?" She answered "Oh, took two or three steps, I am not very good at judging."

Appellants contend the court erred in rendering judgment for the defendants because the evidence raised issues of fact as to the defendants' failure to exercise reasonable care in keeping defendants' premises in a reasonably safe condition so that Mrs. Seideneck would not be injured.

■ Appellants contend there is no evidence that the looped throw rug was "open and obvious to anyone who entered the shop." Mrs. Seideneck testified, in effect, that the rug extended two or three steps beyond the edge of the table and that she had walked over the looped throw rug two or three steps to look at the small Christmas tree on the table. As she stepped backwards on the rug that she had been standing on while she was observing the tree, she fell. There was no hidden or latent danger in using the rug. It was just as obvious to her as it was to the owners of the premises. Under such circumstances there was no duty on the part of the appellees to warn her. We find no evidence that use of the rug constituted an unreasonable risk of harm or that the appellees knew or should have known that such use of the rug created a dangerous condition. Mize v. Lavender, 407 S.W.2d 856 (Tex.Civ. App., 1966, error ref. n. r. e.).

The Supreme Court in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, at page 378, said:

"The 'no duty' doctrine is this: the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and to discover dangerous conditions. Smith v. Henger, 148 Tex. 456, 226 S.W. 2d 425, 20 A.L.R.2d 853 (1950); Genell, Inc. v. Flynn, Tex., 358 S.W.2d 543 (1962). His duty is to protect his invitees from dangers of which he, the occupier, knows, or (because of his duty to inspect) of which he *should* know in the exercise of ordinary care. If there are dangers which are not open and obvious, he is under a *duty* to take such precautions as a reasonably prudent person would take to protect his invitees therefrom or to warn them thereof. But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them 'no duty' to warn or to protect the invitees. This is so, the cases say, because there is 'no duty' to warn a person of things he already knows, or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof."

Justice Greenhill of the Supreme Court in an article appearing in 28 Texas Bar Journal 21, (1965), at page 64, said:

"When are defects open and obvious? Open and obvious to whom? My understanding of 'open and obvious' in 'no duty' cases is expressed by the popular phrase of the comic-strip character, Li'l Abner: the defect must be one that 'any fool can plainly see.' It must be so obvious as to charge the plaintiff with knowledge of it. Examples of this are obviously slick floors (HAUSMAN PACKING CO. V. BADWEY [Tex. Civ.App., 147 S.W.2d 856.]); a pane of glass by a door (BURTON CO. V. STASNEY [Tex.Civ.App., 223 S.W.2d 310.]); worn stairs (HOUSTON NA-

TIONAL BANK V. ADAIR [146 Tex. 387, 207 S.W.2d 374.]); or a rise in the sidewalk at a building entrance (MARSHALL V. SAN JACINTO BUILDING, INC. Tex.Civ.App., 67 S.W.2d 372.]). Logically, whether a defect is so plain that anyone should see it is a law question. In each of the cases mentioned above (all written or approved by the Supreme Court), the question was held to be one of law, and the cases were disposed of on instructed verdict or by some similar device."

Appellants contend the court erred in refusing to admit evidence that it was not customary in the trade to use small rugs on showroom floors. We find no merit in this point.

The parties stipulated as follows:

"Plaintiffs and defendants in the above cause hereby stipulate for the purposes of the record that but for the Court's ruling prohibiting testimony regarding 'custom' during the jury trial of the above entitled and numbered cause plaintiff, Margaret Seideneck, would have testified to the effect that on September 1, 1965, she had been in all or most all of the many showrooms in the Trade Mart Building in Dallas, Texas, the building in which defendants' showroom was located, and that she was familiar with the customary manner in which the shops were maintained, and that it was not customary to have small 'place rugs' on the floors of the showrooms such as the 'throw rug' or 'place rug' that defendants had on their floor on the occasion in question and by which she, Margaret Seideneck, was tripped in defendants' showroom on September 1, 1965."

It is our opinion that the court did not err in refusing such testimony. The record does not show that Mrs. Seideneck was qualified to give an expert opinion of such custom in the industry. Her testimony would have related to the shops in one building which would not have shown the general custom in the trade.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.