NUMBER 13-07-664-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FRANCISCA GUTIERREZ, Appellant,


v.



DOLGENCORP OF TEXAS, INC., Appellee.

 


On appeal from the 24th District Court of Goliad County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 In this "slip-and-fall" case, appellant, Francisca Gutierrez, appeals a no-evidence
summary judgment granted in favor of appellee, Dolgencorp of Texas, Inc. ("Dollar
General"). (1) By two issues, appellant contends the trial court erred in granting summary
judgment because she presented more than a scintilla of evidence that (1) a dangerous
condition existed on Dollar General's premises, and (2) Dollar General had actual or
constructive knowledge of the dangerous condition. We affirm.

Background

 Appellant sued Dollar General for premises liability, alleging that she suffered
injuries when she fell over an uneven mat placed at the front entrance of the store. Dollar
General filed a traditional and no-evidence motion for summary judgment. (2) In the no-evidence section of its motion, Dollar General argued there is no evidence (1) that the mat
posed an unreasonable risk of harm, or (2) that Dollar General knew or should have known
of some problem with the mat. 

 In her deposition testimony, (3) appellant stated she was outside the Dollar General
store, browsing clearance items displayed on the sidewalk. As she approached the front
entrance of the store, she tripped and fell on a mat. Appellant stated she did not see the
mat because she was looking at the store's merchandise, and was not looking down. She
stated that the mat was "kind of folded" and uneven. 

 Appellant also presented an affidavit by Lauren Garcia, the Dollar General manager
on duty at the time of the incident. Garcia stated she was outside bringing in merchandise
when she noticed appellant immediately after her fall. According to Garcia, she had
walked over the mat less than ten minutes earlier and did not notice any problem with the
mat. She also stated that during her employment at the store, she was unaware of anyone
that had fallen or been injured because of the store's floor mats. 

Standard of Review and Applicable Law

 The standard of review for the granting of a motion for summary judgment is
determined by whether the motion was brought on no-evidence or traditional grounds. (4) 
The trial court's order reflects that summary judgment was granted on no-evidence
grounds. Accordingly, we apply the standard of review required for a no-evidence
summary judgment. 

 A no-evidence summary judgment is equivalent to a pretrial directed verdict, and this
Court applies the same legal sufficiency standard on review. (5) In an appeal of a
no-evidence summary judgment, this Court reviews the evidence in the light most favorable
to the non-movant, disregarding all contrary evidence and inferences. (6) If the non-movant
produces evidence to raise a genuine issue of material fact, summary judgment is
improper. (7) All that is required of the non-movant is to produce a scintilla of probative
evidence to raise a genuine issue of material fact. (8) "Less than a scintilla of evidence exists
when the evidence is 'so weak as to do no more than create a mere surmise or suspicion
of a fact.'" (9) Conversely, more than a scintilla exists when the evidence "rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions." (10) In
determining whether the non-movant has produced more than a scintilla of evidence, we
review the evidence in the light most favorable to the non-movant, crediting such evidence
if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors
could not. (11) The burden of producing evidence is entirely on the non-movant; the movant
has no burden to attach any evidence to the motion. (12)

 The admission or exclusion of summary-judgment evidence rests in the sound
discretion of the trial court. (13) A trial court abuses its discretion if it acts without reference
to any guiding rules or principles or acts in an arbitrary or unreasonable manner. (14) A trial
court does not abuse its discretion if it decides a matter within its discretion differently than
the appellate court would. (15) 

 Appellant sued Dollar General for premises liability. "The plaintiff in a premises
liability case must establish that the premises owner knew or should have known of a
dangerous condition on the premises that presented an unreasonable risk of harm and that
the condition proximately caused the plaintiff's injuries." (16) Dollar General contends there
was no evidence to support the first and second elements--that it knew or should have
known of a dangerous condition (the mat), and that the mat presented an unreasonable
risk of harm.

Analysis 


 Appellant contends she presented more than a scintilla of evidence that the mat
posed an unreasonable risk of harm. In her response, appellant argued that "[a]s the rug
was folded and not flat on the ground[,] it existed in a defective condition" and, therefore,
posed an unreasonable risk of harm. The only evidence appellant offered in support is her
own deposition testimony that the rug was "kind of folded" and uneven. 

 With regard to evidence that Dollar General knew or should have known of the
allegedly defective condition, appellant points to Garcia's affidavit in which she states that
she walked over the mat less than ten minutes prior to the incident and did not notice any
problem with the mat. According to appellant, "more than a scintilla of evidence exists
demonstrating the mat existed in a defective condition for over ten minutes as no one else
contacted the mat." 

 An owner-operator is considered to have constructive knowledge of any premises
defects or other dangerous conditions that a reasonably careful inspection would reveal. (17) 
A condition is not unreasonably dangerous simply because it is not foolproof. (18) "A
condition is unreasonably dangerous if it presents an unreasonable risk of harm." (19) "A
condition presenting an unreasonable risk of harm is defined as one in which there is a
sufficient probability of a harmful event occurring that a reasonably prudent person would
have foreseen it or some similar event as likely to happen." (20) 

 Appellant argues that the mat was in a "defective condition" because it was "kind of
folded" and uneven. We disagree. Appellant presented no evidence that Dollar General
had received prior complaints about the mat, or that the mat or its location created an
unreasonably dangerous condition. In fact, appellant admitted in her deposition testimony
that she did not see the mat because she was looking at the store's specials; she stated
that if she had looked down, she would have seen the mat. There is therefore no evidence
that if the mat was folded, it was folded before appellant fell. Appellant offered no
evidence that anyone had previously tripped on the mat, that the mat had any defects, or
that the mat had on other occasions become buckled due to heavy foot traffic. (21) 

 Appellant argues that Dollar General's reliance on Seideneck is misplaced because
in that case, the plaintiff failed to produce evidence that the rug was in a defective
condition. (22) According to appellant, the mat in the instant case was in a "defective
condition" because she noticed it "was folded and uneven after her fall." 

 We disagree that appellant has presented any evidence that the mat was in a
defective condition. Here, as in Seideneck, there is no evidence that the mat's "particular
placement would have served as a suggestion or warning to the defendants that it
presented the prohibited degree of danger." (23) There is no evidence that anyone had
previously tripped on the mat either on that day or any other day. The only allegation that
the mat was defective was that it was folded after appellant's fall. 

 Appellant cites Crosby v. Minyard Food Stores, Inc. in support of her position that
the mat posed a dangerous condition. (24) We find, however, that the facts in Crosby are
distinguishable. In Crosby, the plaintiff sued the defendant for injuries sustained after she
tripped on a mat at the front entrance of a grocery store. (25) The plaintiff presented evidence
that the store's mat had a tendency to buckle and required frequent straightening. (26) The
evidence also revealed that the defendant knew the mat's frequent buckling had caused
other customers to fall. (27) In the present case, appellant has failed to present any such
evidence.

We conclude there is no evidence that the mat presented an unreasonable risk of
harm. We overrule appellant's first issue.

Because appellant failed to present any evidence of an essential element of her
claim, we need not address her second issue. (28) 

Conclusion

We affirm the trial court's judgment. 
 


 



 

 LINDA REYNA YAÑEZ,

 Justice



 


 
Memorandum Opinion delivered and filed 
this the 29th day of August, 2008.




1. The record does not contain an explanation of the relationship between appellee and Dollar General. 
2. See Tex. R. Civ. P. 166a(c), (i). 
3. Excerpts of appellant's deposition testimony were attached to appellant's response to Dollar
General's motion for summary judgment.
4. See Tex. R. Civ. P. 166a(c), (i); see also Ortega v. City Nat'l Bank, 97 S.W.3d 765, 771 (Tex.
App.-Corpus Christi 2003, no pet.) (op. on reh'g).
5. Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006); Ortega, 97 S.W.3d at 772. 
6. City of Keller v. Wilson, 168 S.W.3d 802, 825 (Tex. 2005) (noting that review of a "no-evidence"
motion for summary judgment is effectively restricted to the evidence contrary to the motion); Ortega, 97
S.W.3d at 772. 
7. Tex. R. Civ. P. 166a(i).
8. Ortega, 97 S.W.3d at 772. 
9. Id. (quoting Kindred v. Con/Chem Inc., 650 S.W.2d 61, 63 (Tex. 1983)). 
10. Id. (citing Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994)). 
11. Tamez, 206 S.W.3d at 582; City of Keller, 168 S.W.3d at 827. 
12. Tex. R. Civ. P. 166a(i).
13. Alaniz v. Hoyt, 105 S.W.3d 330, 341 (Tex. App.-Corpus Christi 2003, no pet.). 
14. Id. 
15. Id.
16. Brinson Ford, Inc. v. Alger, 228 S.W.3d 161, 162 (Tex. 2007) (citing Seideneck v. Cal. Bayreuther
Assocs., 451 S.W.2d 752, 754 (Tex. 1970)). 
17. Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 295 (Tex. 1983).
18. Brinson Ford, Inc., 228 S.W.3d at 163.
19. Id. 
20. Seideneck, 451 S.W.2d at 754.
21. See Crosby v. Minyard Food Stores, Inc., 122 S.W.3d 899, 901-02 (Tex. App.-Dallas 2003, no pet.)
(noting defendant's motion for instructed verdict was properly denied where evidence showed defendant was
aware that store mat was often buckled and created a frequent risk of injury). 
22. See Seideneck, 451 S.W.2d at 755 (holding there was no evidence that a rug presented an
unreasonable risk of harm where there was no evidence that rug was in a defective condition). 
23. Id. at 754. 
24. See Crosby ,122 S.W.3d at 902. 
25. Id. at 900. 
26. Id. at 901 (noting employee's testimony that he had to straighten the mat between 48 and 86 times
during an eight-hour shift). 
27. Id.
28. See Tex. R. App. P. 47.1