# Supreme Court of Texas

---

No. 22-0953

---

Pay and Save, Inc.,
*Petitioner*,

v.

Roel Canales,
*Respondent*

---

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

---

**PER CURIAM**

Justice Boyd did not participate in the decision.

This is a premises-liability suit.  Roel Canales sued a Pay and Save grocery store for injuries he sustained from falling after getting his foot stuck in the open side of a wooden pallet used to transport and display watermelons.  After a jury trial, the trial court signed a judgment of over $6 million for Canales.  The court of appeals concluded that "the evidence was legally but not factually sufficient to support the jury's findings" regarding premises liability, so it reversed and remanded for a new trial on that claim.  ___ S.W.3d ___, 2022 WL

4227575, at *1 (Tex. App.—San Antonio Sept. 14, 2022). The court of appeals also rendered judgment that Canales take nothing on his gross-negligence claim. *Id.*

Both parties petitioned for review. We hold that the evidence is legally insufficient to support both claims because the wooden pallet was not unreasonably dangerous as a matter of law. We reverse the court of appeals' judgment in part and render judgment for Pay and Save.

Grocery stores throughout South Texas, including Pay and Save, use wooden pallets to transport and display whole watermelons. At the point of harvest, watermelons are loaded into large cardboard boxes. Each boxful of watermelons rests on a wooden pallet. There they remain—from farm, to truck, onto the road, and into a store's produce section till discarded or sold. The pallets have open sides to facilitate their transport by forklifts and pallet jacks. This is a logistical necessity. Because of the fruits' large size, weight, and spherical shape, they cannot easily be transported safely by hand. For the same reasons, the cardboard boxes require the support of sturdier wooden pallets.

Pay and Save owns a grocery store in Freer, Texas. On May 4, 2016, Canales entered the store and approached a display of watermelons on a wooden pallet. He had previously visited the location hundreds of times and had purchased watermelons without incident. On that day, however, he was wearing steel-toed work boots and failed to realize that he had placed his foot in the pallet's open side. As Canales stepped away, his toe got caught, and he fell and fractured his right elbow.

To prevail in a premises-liability case, an invitee-plaintiff must show that (1) a premises owner had actual or constructive knowledge, (2) of some unreasonably dangerous condition on the premises (3) but the owner did not exercise reasonable care to reduce or to eliminate the unreasonable risk of harm, (4) which proximately caused the plaintiff's personal injuries. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). Pay and Save argues that the evidence is legally insufficient to support a finding of premises liability because the wooden pallet is not unreasonably dangerous as a matter of law. We agree.

Evidence is legally insufficient to prove a vital fact when it: (1) cannot be given weight under the rules of law or evidence; (2) amounts to no more than a mere scintilla; (3) conclusively establishes the opposite of what it is intended to prove; or (4) appears nowhere in the record. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 613 (Tex. 2016). Whether a condition is unreasonably dangerous is often a fact question. *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 (Tex. 2022). We have, however, consistently held that common or innocuous hazards are not unreasonably dangerous as a matter of law.[1] Under this doctrine of common conditions, the standalone fact that a condition has caused an

---

[1] *See, e.g.*, *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 85, 87, 90 (Tex. 2023) (concluding that the use of painted stripes and buttons instead of concrete barriers to separate travel lanes did not create an unreasonably dangerous condition as a matter of law); *McIntire*, 646 S.W.3d at 801-04 (concluding that a "profoundly ordinary" divot in a grocery store parking lot was not unreasonably dangerous as a matter of law); *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162-63 (Tex. 2007) (holding that a pedestrian ramp with a short, unrailed section was not unreasonably dangerous as a matter of law).

injury does not make it unreasonably dangerous. *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 87 (Tex. 2023).

The doctrine protects commercial enterprises and property owners from what would otherwise essentially be strict liability. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). Without this doctrine, a grocery store and everything in and around it could be characterized as unreasonably dangerous. *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006). This is because it will almost always seem true, in retrospect, that just one more step could have been taken to prevent an injury. *Id.* To ensure that hindsight does not become an occasion for imposing limitless liability, we have said that landowners are neither insurers of a visitor's safety nor required to make a premises foolproof. *McIntire*, 646 S.W.3d at 804. In short, the mere possibility of harm that accompanies every condition in existence provides no basis for a tort claim.

To raise a fact question on whether a common condition is unreasonably dangerous, a plaintiff must show more than a mere possibility of harm. At a minimum, we require sufficient evidence of prior accidents, injuries, complaints, reports, regulatory noncompliance, or some surrounding circumstance that transformed the condition into one measurably more likely to cause injury. *Christ*, 664 S.W.3d at 87-88, 90, 91 n.5; *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754-55 (Tex. 1970). An absence of such evidence will lead to a conclusion that the condition complained of is an everyday hazard. We have so held in a wide variety of cases. *See supra* note 1.

We do so here as well. As the court of appeals acknowledged, the record shows a "complete absence" of any evidence of prior complaints, reports, or injuries from pallets like this one—and not just at Pay and Save's 150 stores, but also at "H.E.B., Walmart, or any other grocery store." 2022 WL 4227575, at *10. This is true despite the fact that thousands of customers walk past these and similar displays every single day.

There also is no evidence of any code, law, or regulation prohibiting or restricting the use of wooden pallets. *Id.* at *11. The evidence instead establishes that transporting and displaying watermelons in this way is a "widely accepted" and "long-used" industry practice. *Id.* Canales also failed to adequately plead that some surrounding circumstance transformed the pallet's open side into a condition measurably more likely to cause injury.

Expert testimony may be offered to show that an item's use, placement, or arrangement increased the risk of harm. *Christ*, 664 S.W.3d at 91 n.5. But expert testimony does not create a fact issue when undisputed, material facts show otherwise. *Id.* Similarly, knowledge of safer, feasible alternative designs, without more, is not evidence that a premises owner knew that a condition was unreasonably dangerous. *City of Dallas v. Thompson*, 210 S.W.3d 601, 604 (Tex. 2006). In any event, the court of appeals properly disregarded the testimony of Canales's experts as nonprobative and conclusory.[2]

---

[2] One of Canales's experts, Alex Balian, testified that the way Canales was injured was a hazard "known by the industry" that has "happened before so it[']s not a new thing." But he provided no examples in support. He also conceded that displaying watermelons on uncovered pallets has been the

The court of appeals correctly recognized that the evidence shows only "a *possibility* that someone's foot might enter a pallet opening." 2022 WL 4227575, at \*11. It still erroneously concluded, however, that such evidence is legally sufficient evidence of an unreasonably dangerous condition. In doing so, it reasoned that "the jury could have reasonably inferred that a customer *could* get a foot stuck in a pallet side opening, which *could* cause the customer to fall and be injured." *Id.* at \*7 (emphasis added).

The court of appeals' error was twofold. First, it assumed that a mere possibility of harm suffices to legally establish the existence of an unreasonable risk of harm. Second, it assumed that it needed to credit the jury's flawed inference to that effect. We have long held to the contrary. *Christ*, 664 S.W.3d at 87 (stating that "an unreasonable risk of harm" exists only if there is a "sufficient *probability* of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen" (emphasis added) (quoting *Seideneck*, 451 S.W.2d at 754)); *McIntire*, 646 S.W.3d at 804 (explaining that "testimony that a condition *could* injure an invitee is not evidence that it poses an *unreasonable* risk of harm").

As the evidence shows only a mere possibility of harm, it is legally insufficient. The wooden pallet was not unreasonably dangerous. It was a common condition, a type of hazard that we encounter—and avoid—

"accepted practice in South Texas" for "years and years and years" and that pallet guards are not required by any law, ordinance, or statute. Another of Canales's experts, Russell Kendzior, testified that it is an "industry standard" to use some protection, like "pallet guards." But he conceded that "[m]ost retailers [he is] aware of do not use [them]."

6

every day by exercising a modicum of common sense, prudence, and caution. And in his own words, Canales failed to exercise those faculties: "I wasn't looking at the floor. I don't go in looking at my feet or where the hazards are. I went in to buy a watermelon, I didn't pay attention to the boxes or arrows or nothing."

The court of appeals correctly rendered a take-nothing judgment on the gross negligence claim, reasoning that Canales did not present clear and convincing evidence that the pallet created an extreme degree of risk. 2022 WL 4227575, at *15. We need not reach that inquiry, as the absence of legally sufficient evidence for premises liability also disposes of the gross-negligence claim. *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 21 (Tex. 1994) (stating that "the 'extreme risk' prong [of gross negligence] is not satisfied by a remote possibility of injury").

Without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petitions for review, reverse the court of appeals' judgment on Canales's premises-liability claim, and render judgment for Pay and Save on that claim. We affirm the court of appeals' judgment for Pay and Save on Canales's gross-negligence claim.

**OPINION DELIVERED:** June 14, 2024

7