Herrera v. Smith Farms, Inc. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00622-CV







Juan Herrera, Appellant



v.



Smith Farms, Inc., Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 94V-020, HONORABLE DAN R. BECK, JUDGE PRESIDING








 Appellant Juan Herrera appeals from a summary judgment granted in favor of
appellee Smith Farms, Inc., on Herrera's claim of premises liability. We will affirm the trial
court's judgment.



BACKGROUND


 On October 4, 1991, Herrera, an employee at the Smith Farms plant near Flatonia,
decided to leave the plant for his dinner break. He got into his car in the parking lot and drove
down a gravel road leading across Smith Farms's property to the highway. At a curve in the
road, Herrera's car skidded, causing him to lose control of the car and crash into a utility pole. 
Herrera brought this suit for his resulting injuries on a theory of premises liability. Herrera
claimed that he was an invitee on the Smith Farms property and that Smith Farms failed to use
ordinary care to protect him from the dangerous condition of the gravel road about which it knew
or should have known. 

 Smith Farms moved for summary judgment on three grounds: (1) that the gravel
road was not a dangerous condition which created an unreasonable risk or harm; (2) that Smith
Farms had no actual or constructive knowledge of any alleged dangerous condition of the road;
(3) and that Smith Farms did not breach any duty owed to Herrera because he was a licensee
rather than an invitee at the time of the accident. After a hearing, the trial court granted Smith
Farms's motion for summary judgment without specifying the particular basis upon which it
relied. On appeal, Smith Farms abandons the third basis in its motion and concedes Herrera's
third point of error that he was an invitee. Herrera appeals from the summary judgment. 



STANDARD OF REVIEW


 The standards for reviewing a motion for summary judgment are well established: 
(1) the movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is
a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; (3) every reasonable inference must be indulged in favor of the nonmovant
and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546,
548-49 (Tex. 1985). If a defendant who moves for summary judgment disproves, as a matter of
law, one required element of the plaintiff's cause of action, the defendant is entitled to summary
judgment. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). The burden then shifts
to the nonmovant to present summary judgment evidence which raises a fact issue. See Casso v.
Brand, 776 S.W.2d 551, 556 (Tex. 1989). When, as in this case, the trial court grants summary
judgment without specifying the particular basis upon which it relied, summary judgment will be
affirmed if any of the theories advanced support the judgment. Carr v. Brasher, 776 S.W.2d 567,
569 (Tex. 1989); Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 



PREMISES LIABILITY 


 For a landowner to be held liable to an invitee, the invitee must prove that: (1) a
condition of the premises created an unreasonable risk of harm to the invitee; (2) the landowner
knew or reasonably should have known of the condition; (3) the landowner failed to exercise
ordinary care to protect the invitee from injury; and (4) the landowner's failure was a proximate
cause of the invitee's injury. State Dep't of Highways & Public Transp. v. Payne, 838 S.W.2d
235, 237. Herrera complains in his first point of error that summary judgment was improper
because the gravel road was a condition that posed an unreasonable risk of harm to him and Smith
Farms failed to prove otherwise as a matter of law.

 A condition creates an unreasonable risk of harm if "there is a sufficient probability
of a harmful event occurring that a reasonably prudent person would have foreseen it or some
similar event as likely to happen." Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d. 752, 754
(Tex. 1970). "[T]he fact an accident happens is no evidence that there was an unreasonable risk
of such an occurrence." Thoreson v. Thompson, 431 S.W.2d 341, 344 (Tex. 1968); see also H.E.
Butt Grocery Co. v. Godawa, 763 S.W.2d 27, 30 (Tex. App.--Corpus Christi 1988, no writ)
(occurrence of accident not of itself evidence of negligence). However, evidence of a defect that
caused an invitee's accident or evidence of previous accidents attributable to the same condition
is some proof of an unreasonably dangerous condition. See Seideneck, 451 S.W.2d at 754.

 The Texas Supreme Court recently held that a common and ordinary condition of
land is not an unreasonably dangerous condition. See Brownsville Navigation Dist. v. Izaguirre,
829 S.W.2d 159, 161 (Tex. 1992). Izaguirre involved a worker killed while loading a trailer. 
During loading, the trailer had been disconnected from its cab and left to rest on its extendable
front supports. A board had been placed under one of the front supports to prevent it from
sinking into the muddy ground. The board broke, causing the trailer to fall to one side and the
trailer's cargo to shift. The shifting cargo crushed and killed the worker. Id. at 160. The
Izaguirre plaintiffs argued that the wet and muddy ground constituted an unreasonably dangerous
condition. The plaintiffs admitted that the ground was ordinary dirt, but contended that the
ground should have been surfaced with a harder material. Id. The court held that "[p]lain dirt
which ordinarily becomes soft and muddy when wet is not a dangerous condition of property." 
Id.

 In the instant cause, Herrera complains that the loose gravel on an ordinary gravel
road created an unreasonably dangerous condition. However, Hank Novak, general manager of
Smith Farms, testified by affidavit that the road was regularly maintained and contained no ruts,
dips, or dangerous conditions of any kind. Moreover, Herrera testified by deposition that the
Smith Farms road was an ordinary gravel road and that he did not think anything special about
the road made it unusually dangerous or more dangerous than other gravel roads.

 The only evidence Herrera offered in response to Smith Farms's motion for
summary judgment was the affidavit of Jose Ortiz. Ortiz stated that on one occasion his car
skidded while he was driving on the same gravel road in question. However, Smith Farms
submitted evidence in reply showing that Ortiz's skid occurred on a different section of the road
outside Smith Farms's property. Ortiz's affidavit fails to indicate the cause of his skid or to
specify a flaw of the entire road that could have caused both incidents. Ortiz does not suggest that
the site of Herrera's accident was more dangerous than any ordinary gravel road. Ortiz's affidavit
provides no competent evidence to controvert Smith Farms's conclusive evidence that the portion
of the road where Herrera's accident occurred was not unreasonably dangerous. 

 Herrera argues that the present case is distinguishable from Izaguirre because
Izaguirre involved dirt, a naturally occurring condition, while a gravel road is man-made. 
However, the supreme court did not limit its holding to natural conditions; rather, it noted that
a landowner could be liable for "`any condition, whether natural or artificial, which involves an
unreasonable risk of physical harm to persons on the land.'" Izaguirre, 829 S.W.2d at 161
(quoting Restatement (Second) of Torts § 358(1)). (1) Other Texas courts have held that common
and ordinary man-made conditions are not unreasonably dangerous. (2)

 Herrera also contends that this case differs from Izaguirre because a road, unlike
dirt, involves a number of different factors such as slope and curvature. Nevertheless, Herrera
presented no controverting summary judgment evidence indicating anything unusual about the
slope or curvature of the Smith Farms road rendering it more dangerous than an ordinary road. 
Herrera also argues that the Smith Farms road could have been surfaced with a different material. 
Whether Smith Farms could have surfaced the road with another material is relevant to whether
Smith Farms used ordinary care to protect invitees; however, Herrera must establish that a
condition of Smith Farms's premises created an unreasonable risk of harm before he can argue
that Smith Farms failed to use ordinary care. See Payne, 838 S.W.2d at 237.

 Following Izaguirre, we see no reason why ordinary gravel poses a greater risk of
harm than ordinary dirt. We hold that the summary judgment evidence conclusively established
that the gravel road did not create an unreasonable risk of harm. Appellant's first point of error
is overruled. Since our determination that the road was not an unreasonably dangerous condition
will support the summary judgment, we need not address appellant's remaining points of error. 
See Carr, 776 S.W.2d at 569.



CONCLUSION


 The summary judgment evidence conclusively established that the Smith Farms
road was an ordinary gravel road and that the road did not constitute a condition creating an
unreasonable risk of harm. Since Smith Farms disproved a required element of Herrera's
premises liability cause of action, we affirm the trial court's summary judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 15, 1995

Do Not Publish

1.   Restatement (Second) of Torts § 358(1) addresses the liability of a landlord to third
parties for failure to disclose an unreasonably dangerous condition to a tenant, which was the
issue in Izaguirre. Although the current case does not arise in a landlord/tenant context, the
issue of whether a condition is unreasonably dangerous is the same in both situations. 
2.   See Seideneck, 451 S.W.2d at 754-55 (rug did not present unreasonable risk of harm as a
matter of law); Mize v. Lavender, 407 S.W.2d 856, 859 (Tex. Civ. App.--Eastland 1966, writ
ref'd n.r.e.) (allegation that carpet was too thick was no evidence of an unreasonably
dangerous condition); Camp v. J.H. Kirkpatrick Co., 250 S.W.2d 413, 418 (Tex. Civ.
App.--San Antonio 1952, writ ref'd n.r.e.) (water and dust tracked in from street during
moderate rain was "normal and natural" condition and not proof of a dangerous condition);
Wilson v. Werry, 137 S.W. 390, 392 (Tex. Civ. App.--Dallas 1911, writ ref'd) (floors
constructed of unpolished marble are usual and customary in similar buildings and are not
unreasonably dangerous).