

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00101-CV

_____

JULIE HYDE AND CHRIS ROSS, INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE OF
BRANDI CHRISTINA ROSS, Appellants

V.

RYAN C. HOERAUF, INDIVIDUALLY, RYAN C. HOERAUF, INC.,
AND THE O'RYAN FAMILY LIMITED PARTNERSHIP, RYAN
PROPERTIES, INC., AS GENERAL PARTNER, BY RYAN C.
HOERAUF, PRESIDENT, O'RYAN OIL AND GAS,
AND RYAN PROPERTIES, INC., Appellees

On Appeal from the 173rd Judicial District Court
Henderson County, Texas
Trial Court No. 2008-A-875

Before Morriss, C.J., Carter and Moseley, JJ.

Opinion by Chief Justice Morriss

OPINION

Driving home from a "pasture party" at which she had consumed alcohol, seventeen-year-old Brandi Christina Ross was tragically killed in an automobile accident. The party had been held, without permission, in Henderson County,[1] on a fifty-six-acre tract of land owned by Ryan C. Hoerauf.

Following Brandi's death, Julie Hyde and Chris Ross, individually and as representatives of the estate of Brandi, collectively referred to herein as Hyde, filed a wrongful death and survival action asserting negligence and gross negligence against multiple parties,[2] including Hoerauf and various entities to which Hoerauf had connections, collectively referred to herein as Hoerauf. Hoerauf filed a motion for summary judgment, to which Hyde replied. From a summary judgment granted in favor of Hoerauf, Hyde appeals.

We must determine whether an absent landowner owes a duty to a trespasser who is injured or killed after leaving the landowner's land. Because Hoerauf owed no legal duty with respect to the off-premises accident, we affirm the summary judgment of the trial court.

While Hoerauf owned the property where the pasture party had taken place, no one at the party was associated with Hoerauf or any related entity. It is undisputed that the attendees of the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The original petition named Ryan C. Hoerauf, individually, Ryan C. Hoerauf, Inc., the O'Ryan family limited partnership, Ryan Properties, Inc., as a general partner, by Ryan C. Hoerauf, president, O'Ryan Oil and Gas, Ryan Properties, Inc., and Geico General Insurance Company as defendants. The claims against Geico were nonsuited.

3

party—students and former students of Kemp High School—were drinking alcohol. The only "adults" at the party were in their early twenties, all former Kemp High School students. Previous pasture parties had taken place at different locations on Hoerauf's property during the summer months. None of the partygoers had permission to be on the property, described as being "out in the middle of nowhere."[3] Party attendees cut the fence to the Hoerauf property on at least two different occasions in order to gain access to the property.

Hoerauf was aware, before the party that immediately preceded Brandi's death, that his fence had been cut on two occasions and that there were tire tracks, empty beer containers, and remnants of bonfires on his property. Hoerauf was not aware that the trespassers were teenagers. After having twice repaired the cut fence, Hoerauf began construction of heavy duty fencing for the entire fifty-five acres.[4] In the midst of this re-fencing process,[5] the fateful party took place. At the time, Hoerauf, who lives in Odessa, was not aware that his land was being used for an unauthorized gathering. Neither Hoerauf nor his property manager, Wes Hart, contacted the Henderson County Sheriff's Office to advise of a trespassing problem. No signs were posted to advise trespassers to keep off of the property.

---

[3]One of the underage revelers testified that party attendees knew they did not have permission to be on the property.

[4]The new fence, constructed largely of steel pipe, was installed for the purpose of keeping the property secure from trespassers. Construction of the new fence was the third attempt by Hoerauf to address the problem. While Hoerauf lives in Odessa, he visited his Henderson County property in the summer of 2006 after construction of the new fence was underway.

[5]The re-fencing process commenced approximately thirty days before Brandi's death.

4

*Summary Judgment Standard of Review*

We review de novo the grant of a traditional motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must conclusively establish the absence of any genuine question of material fact and that judgment is available as a matter of law. TEX. R. CIV. P. 166a(c); *Browning v. Prostok,* 165 S.W.3d 336, 344 (Tex. 2005). A movant must either prove all essential elements of his or her claim, *MMP, Ltd. v. Jones*, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the nonmovant's cause of action. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

When, as here, a summary judgment does not specify the grounds on which it was granted, the appealing party must demonstrate that none of the movant's proposed grounds for summary judgment is sufficient to support the judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 422 (Tex. App.—Texarkana 2002, no pet.). Conversely, we will affirm the judgment if any one of the theories advanced in the motion for summary judgment and preserved for appellate review is meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

5

*The Summary Judgment*

The motion for summary judgment attacked Hyde's cause of action for negligence and gross negligence for (1) condoning or allowing alcohol to be provided to, and consumed by, minors on the property, (2) "liability of a 'pasture party,'" (3) "allowing or contributing to minors driving from the party after consuming alcohol," (4) "providing alcohol to minors," (5) "providing control and oversight of an unrestricted access to the property," and (6) "creating an unsafe or attractive nuisance."[6] The allegations of negligence and gross negligence were grounded in premises liability.[7] Hoerauf maintained that Brandi and others attending the pasture party on his property were trespassers; he contended that Hyde's premises liability claims were conclusively negated by demonstrating that he did not violate the duty owed a trespasser—not to cause injury to such a person through willful, wanton, or grossly negligent conduct.

In response to Hoerauf's motion, Hyde claimed that material fact questions existed because Hoerauf was on notice of the activities on his property, as evidenced by cut fences, tire tracks, remnants of bonfires, and beer cans and bottles strewn about. In essence, Hyde claimed Hoerauf

---

[6]On appeal, neither party briefed the issue of attractive nuisance; we, therefore, do not address it. TEX. R. APP. P. 38.1.

[7]Certain aspects of the original petition could be construed to attempt to state a cause of action for "social host" liability. This issue was not addressed in the motion for summary judgment or response, and was not preserved for review. To the extent any such issues were before the trial court, summary judgment would be wholly proper with respect to any claimed social host liability. Texas law does not recognize a civil cause of action for the provision of alcohol to minors. *Reeder v. Daniel*, 61 S.W.3d 359, 364 (Tex. 2001) (social host has no duty not to make alcohol available to minors); *Smith v. Merritt*, 940 S.W.2d 602, 605 (Tex. 1997) (social host has no duty to passenger to prevent nineteen-year-old guest from drinking and driving); *Dorris v. Price*, 22 S.W.3d 42, 45 (Tex. App.—Eastland 2000, pet. denied) (no common-law duty to monitor alcohol consumption of minor guest who hosts know will be driving). Further, the evidence in this case conclusively establishes that Hoerauf was not a social host.

6

was on sufficient notice that pasture parties were taking place on his property such that Hoerauf should have foreseen the risk of harm or injury based on alcohol consumption by minors at such parties.[8]  Hyde claims that the evidence presented material fact issues with respect to whether Hoerauf was willful, grossly negligent, or negligent in failing to take effective measures to ensure that such illicit gatherings were stopped.   It is apparent that this was the only issue before the trial court on motion for summary judgment.[9]

*No Duty Was Owed in Off -Premises Accident*

It is fundamental that the existence of a legally cognizable duty is a prerequisite to all tort liability.  *Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993).  As in any other tort action, "a defendant in a premises case is liable only to the extent it owes the plaintiff a legal duty."  *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008).   The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question.  *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *Moritz*, 257 S.W.3d at 217.   If no duty exists, then no legal liability for a premises liability claim can arise.  *Dukes v. Philip*

---

[8]Hyde contends that the involvement of minors is readily inferred from the nature of the events.

[9]On appeal, Hyde contends that Brandi was a licensee, rather than a trespasser, based on Hoerauf's summer-long failure to prevent such parties.   Hoerauf contends that, because the issue of whether Brandi was a licensee was not properly before the trial court, it should not be considered as a ground for reversal on appeal.   We agree.   Hyde's response to the motion for summary judgment did not assert licensee status as a basis for avoiding the motion.   Any issues a nonmovant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion.   Such issues are not expressly presented by mere reference to summary judgment evidence.  *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *Shumate v. Shumate*, 310 S.W.3d 149, 152 (Tex. App.—Amarillo 2010, no pet.).   Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal.   TEX. R. APP. P. 166a(c).

*Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 592 (Tex. App.—Fort Worth 2008, pet. denied); *Strunk v. Belt Line Rd. Realty Co.*, 225 S.W.3d 91, 99 (Tex. App.—El Paso 2005, no pet.).

Brandi and the other partygoers were trespassers[10] on Hoerauf's property. The only duty a premises owner or occupier owes to a trespasser is not to cause injury willfully, wantonly, or through gross negligence.[11] *Tex. Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997). The issue of whether Hoerauf was grossly negligent presumes the injury in question occurred on Hoerauf's property. Because Brandi was not injured by an unreasonably dangerous condition on Hoerauf's property, there is no evidence of actionable gross negligence.

A legal duty owed a trespasser on another's property arises from the ownership or control of property on which the trespasser is harmed. *See City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986) (possession and control generally must be shown as prerequisite to liability); *Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704 (Tex. App.—Fort Worth 1998, pet. denied); TEX. JUR. 3D *Premises Liability* § 12 (2008) (duty of premises owner arises from control of the premises). If a trespasser comes to no harm on the property on which he or she is

---

[10]The duty owed to a plaintiff in a premises liability case depends on the status of the plaintiff at the time of the occurrence giving rise to the lawsuit. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). This status can be one of invitee, licensee, or trespasser to the premises. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975); *Almanza v. Navar*, 225 S.W.3d 14, 20 (Tex. App.—El Paso 2005, no pet.).

[11]The parties here disagree on whether the evidence raises a material fact issue of Hoerauf's gross negligence. Gross negligence means an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others. *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 21 (Tex. 1994). A property owner is grossly negligent only if he or she knows about an unreasonably dangerous condition on his or her property and is consciously indifferent to the safety of the persons affected by it. *Simpson v. Harris County*, 951 S.W.2d 251, 254 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Brazoria County v. Davenport*, 780 S.W.2d 827, 829 (Tex. App.—Houston [1st Dist.] 1989, no writ).

trespassing, but is harmed off-premises, a duty does not exist under a premises liability theory of recovery. Thus, a claim of premises liability presumes that injury occurred on property owned by the defendant. "[T]o prevail on a premises liability claim a plaintiff must prove that the defendant possessed--that is, owned, occupied, or controlled--the premises *where injury occurred.*" *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) (per curiam) (emphasis added); *Strunk*, 225 S.W.3d at 98 (before duty can be imposed, plaintiff must prove injury occurred on premises owned or occupied by defendant). To recover on a premises defect theory, a person must have been injured by a condition on the property.[12] *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). A plaintiff must establish that the defendant had control over and responsibility for the premises before a duty can be imposed on the defendant. *See County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002); *Dukes*, 252 S.W.3d at 592; *Hirabayashi*, 977 S.W.2d at 706 (no duty to provide patron with safe access to vacant parking lot across street abutting defendant's premises). The control must relate to the condition or activity that caused the injury. *See Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex. 1997); *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

---

[12]There is no allegation of injury arising from defendant's activity or instrumentality, rather than by a condition created thereby. *Keetch*, 845 S.W.2d at 264.

9

In this case, no injury occurred on property owned, occupied, or controlled by Hoerauf. Here, the injury occurred on a street or roadway—we are not given the precise location—while Brandi was en route to her home. A property owner generally does not owe a duty to one who leaves his or her premises and is injured on adjacent highways.[13] *See Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762–63 (Tex. App.—Houston [1st Dist.] 1994, no writ) (property owner has no duty to ensure the safety of persons who leave owner's property and suffer injury on adjacent highways); *Gonzales v. Trinity Indus., Inc.*, 7 S.W.3d 303 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The right of control over the injury-causing condition or activity gives rise to the duty of care. *See Olivo*, 952 S.W.2d at 528 (discussing general contractor's liability for independent contractor's negligent activities on premises).

Because Hoerauf had no right of control over the injury-causing activity—driving after having ingested alcohol[14] or even the party or drinking itself—Hoerauf owed no duty of care to prevent the accident. Said another way, any duty Hoerauf may have owed to Brandi in his capacity as a landowner pursuant to a premises liability theory ceased when Brandi exited the Hoerauf property and was no longer considered a trespasser thereon.

---

[13]We acknowledge caselaw that provides that the owner of property abutting a highway has a duty to exercise reasonable care to avoid endangering the safety of persons using the highway as a means of travel. *See Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex. 1981). Such a duty, the existence of which has not been alleged in this case, has been limited to cases where an owner negligently releases upon the highway "an agency that becomes dangerous by its very nature once upon the highway." *Naumann v. Windsor Gypsum, Inc.*, 749 S.W.2d 189, 191 (Tex. App.—San Antonio 1988, writ denied).

[14]Hoerauf maintains that Brandi was intoxicated at the time of the fatal accident. The record contains no evidence of blood-alcohol content. The record merely shows that Brandi ingested alcohol prior to the accident.

After reviewing the evidence in the light most favorable to Hyde, we determine Hyde failed to allege or raise a fact question that the injury occurred on premises owned or occupied by Hoerauf. Hoerauf, therefore, at the time of the accident, owed no duty to Brandi under a premises liability theory of recovery.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     February 24, 2011
Date Decided:       March 2, 2011

11