

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00149-CV

MARGARET KINSLEY,
INDIVIDUALLY AND ON BEHALF
OF LADDIE FRANCES KINSLEY,
DECEASED

APPELLANT

V.

CARTWRIGHT'S RANCH HOUSE,
LLC AND JOHN CLAYTON
CARTWRIGHT

APPELLEES

----------

FROM THE 442ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-71549-431

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellee John Clayton Cartwright owns and operates Appellee Cartwright's Ranch House, LLC, (CRH) a restaurant in Denton, Texas. One

---

[1]See Tex. R. App. P. 47.4.

morning, after Margaret and Laddie Kinsley ate breakfast together at CRH, as Laddie negotiated his walker off the curb in front of CRH and into the parking lot on the passenger-side of the couple's vehicle, he fell. He was taken to the hospital where he died a few days later. Appellant Margaret Kinsley, individually and on behalf of Laddie Frances Kinsley, deceased, filed suit against Appellees asserting claims of negligence and negligence per se and asserting a statutory civil rights claim.[2] Following a trial, a jury returned a take-nothing verdict, and the trial court entered judgment on the jury's verdict. Margaret perfected this appeal and raises two issues. She claims that charge error exists, asserting that the trial court misstated the law in the negligence questions submitted to the jury, and she challenges the directed verdict on her negligence per se claim. For the reasons set forth below, we will affirm the trial court's judgment.

## II. FACTUAL BACKGROUND

Margaret drove Laddie, her husband of over forty years, to eat breakfast at CRH. CRH security cameras recorded the events that occurred both inside and outside the restaurant. Margaret parked in a handicapped spot directly in front of the restaurant. The front end of the Kinsleys' vehicle was pointed at the front door of CRH. Margaret exited the driver's side of the vehicle, retrieved a walker from the rear of the vehicle, and brought it to Laddie before he exited the passenger side. Laddie was wearing a boot on one foot because of a toe

---

[2]Margaret does not challenge on appeal the jury's finding that no civil rights deprivation had occurred against Laddie as a person with a disability.

2

surgery. Laddie used the walker, and Margaret further assisted him by using a gait belt provided by Laddie's physical therapist. The duo proceeded a short distance through the parking lot, up a handicapped ramp, and onto the sidewalk in front of CRH.

According to Margaret, the sidewalk area in front of the restaurant was "littered" with wooden booths, tables, and chairs for outdoor seating for CRH's guests. The outdoor furniture was owned by CRH, was arranged daily on the sidewalk area by CRH, and provided an additional twenty-eight seats for patrons. Margaret described the area as an obstacle course, requiring Laddie to maneuver around furniture and requiring Margaret to move a chair.

After the Kinsleys were seated, Margaret located CRH's owner and manager, Cartwright, and complained that "it's a shame that a veteran would have to go through this and that he had served his country and anyone that was disabled shouldn't have to go through that path." Cartwright testified that Margaret told him that her husband had not been able to step up onto the curb in front of their vehicle because of the furniture on the sidewalk area and asked him to move it. Margaret denied asking Cartwright to move the furniture in front of their vehicle.

While the Kinsleys ate, Cartwright moved the outdoor tables that were directly in front of the Kinsleys' parked vehicle so that no furniture blocked access to either side of the Kinsleys' vehicle; one small round table remained directly in front of the license plate of the Kinsleys' vehicle. Upon exiting CRH, Laddie—

3

who was in front of Margaret, using his walker while Margaret held the gait belt—did not go to his left through the patio furniture area to the handicap ramp but instead exited in a straight line from the front door of CRH to the curb at the front end of the passenger side of the couple's vehicle. As Laddie moved the front legs of his walker forward off the curb, the back legs of the walker remained up on the curb. Laddie hung onto the front of the walker, which was lower, and fell forward, landing face-first on the ground. Margaret, who was using the gait belt, was pulled forward on top of Laddie.

Video footage from CRH's security cameras was played for the jury. The footage showed the Kinsleys' trip from their car into the restaurant, the Kinsleys being seated inside CRH, Cartwright moving the tables as he said Margaret had requested, the Kinsleys exiting CRH, and Laddie's fall.

### III. ANY CHARGE ERROR WAS HARMLESS

### A. The Parties' Positions

In her first issue, Margaret asserts that the trial court's submission of premises liability negligence instruction (d) in jury questions 1 and 5 was erroneous. Margaret asserts that instruction (d) improperly shifted the burden to her as the plaintiff to disprove that the condition was not open and obvious. Margaret argues that no instruction concerning "open and obvious" should have been given at all but that if given, such an instruction should have focused on whether the risk of harm from the condition was open and obvious, not on whether the condition itself was open and obvious.

4

Because it was undisputed that Margaret and Laddie were invitees, jury questions 1 and 5[3] provided, in pertinent part:

**Question 1:**

Did the negligence, if any, of those named below proximately cause the death of Laddie Kinsley?

With respect to the condition of the premises, Cartwright's Ranch House, LLC, was negligent if:

a. the condition posed an unreasonable risk of harm, and

b. Cartwright's Ranch House, LLC knew or reasonably should have known of the danger, and

c. Cartwright's Ranch House, LLC failed to exercise ordinary care to protect Laddie Kinsley from the danger, by failing to adequately warn Laddie Kinsley of the condition or failing to make that condition reasonably safe, and

d. The condition of the premises that posed an unreasonable risk of harm was not open and obvious.

Margaret's position on what constituted "the condition of the premises" has alternated.[4]  Margaret pleaded that the condition of the premises that posed the unreasonable risk of harm was, "i.e., the seating arrangements on the sidewalk." Margaret elicited expert opinion testimony at trial that "as a result of the placement of the furniture[, CRH] failed to make or maintain the sidewalk in a

---

[3]Questions 1 and 5 are identical except that question 1 asks whether negligence caused the death of Laddie while question 5 asks whether negligence caused injury to Margaret.

[4]This alternating position on the premises liability claim appears to be the result of the trial court's directed verdict on the negligence per se claims, which appear to have been the focus of most of Margaret's trial efforts.

5

safe condition." In her brief, Margaret argues that the curb constituted the condition of the premises.[5] In her reply brief, Margaret asserts that "the dangerous condition of the premises is the furniture placed on the public sidewalk by Appellees—not the curb." At oral argument, Margaret argued that

---

[5]Margaret's brief argues:

First, if an instruction about anything being "open and obvious" was properly submitted at all (to which Kinsley does not concede), it would only be about the open and obvious nature of the risk of harm, (or danger) posed by the condition, **not the condition itself**. *Austin* [*v. Kroger*]*,* 465 S.W.3d [193,] 203 [(Tex. 2015)]. This is illustrated in *Austin*'s discussion of the necessary use doctrine, an exception that recognizes a landowner's duty to make its premises safe when, "despite an awareness of the **risks**, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Id.* at 208. Thus, it is irrelevant to determine whether or not the condition of the curb was open and obvious to the Kinsleys. The inquiry, if made, should have been whether the **risk posed by the curb** was open and obvious to the Kinsleys.

The only evidence regarding the curb was Margaret's testimony that Laddie fell when he was navigating the curb, she could see the curb, she and Laddie knew that the curb was there, the curb itself was "open and obvious," and she knew that Laddie would have to step down the curb to get to the car. (3RR:23–24) There is no evidence of the height of the curb, the width of the curb, or any of its characteristics. There was no photograph of the curb admitted. Moreover, there is no evidence that Laddie, the one who chose the path to the car upon exiting the restaurant, had any appreciation for the height of the curb, the width of the curb, or the danger in attempting to cross over the curb with his walker. That the curb itself was open and obvious was not in dispute. There was no evidence whether Laddie or Margaret appreciated an "open and obvious" risk of harm posed by the curb, which is the only issue that was relevant to whether there was a concealed and unreasonable risk. [Emphasis in original].

6

instruction (d) improperly placed the burden on her to prove that *the curb* was not open and obvious but that she had met her burden under instruction (a) of showing that the condition of the *outdoor seating* posed an unreasonable risk of harm.

Appellees assert that, even assuming error in the court's charge as argued by Margaret,[6] any error was harmless in this case. According to Appellees, if the condition of the premises was the seating arrangement on the sidewalk, then as a matter of law, any negligence of Appellees did not proximately cause the death of Laddie or the injury to Margaret because "there was no evidence whatsoever that any action or inaction on the part of Appellees [with regard to the outdoor seating arrangement] was a proximate cause of the accident." And if the condition of the premises was the curb, then "Appellees owed no duty to Mr. and Mrs. Kinsley as a matter of law" because "Appellees did not control the premises upon which the accident occurred (a public curb in front of the restaurant)."

## B. Standard of Review

The standard of review for an allegation of jury charge error is "abuse of discretion." *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without consideration of guiding principles. *Walker v. Gutierrez*, 111 S.W.3d 56,

---

[6]Margaret's error arguments focus on the cases of *Austin v. Kroger*, 465 S.W.3d 193 (Tex. 2015), and *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978).

62 (Tex. 2003). An appellate court will not reverse a judgment for a charge error unless that error was harmful—it probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals. *See* Tex. R. App. P. 44.1(a); *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012).

## C. Analysis

### 1. The Law Concerning Proximate Cause and Ownership of the Premises in a Premises Liability Claim

To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee. *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)); *Aranda v. Willie Ltd. P'ship*, No. 03-15-00670-CV, 2016 WL 3136884, at *1 (Tex. App.—Austin June 1, 2016, no pet.) (mem. op.).

Concerning the proximate cause element, even in a premises liability case, this element has two components: foreseeability and cause-in-fact. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (citing *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003)). The test for cause-in-fact, or "but-for"

8

causation, is whether (1) the act or omission was a substantial factor in causing the injury and (2) without the act or omission the harm would not have occurred. *Id.* That is, to prevail at trial in this premise liability case, Margaret bore the burden of proof to establish that the accident—Laddie's fall—was a foreseeable result of a failure by Appellees to use reasonable care to reduce or eliminate an unreasonably dangerous premises condition. Mere proof that an accident occurred does not constitute either evidence of an unreasonably dangerous condition or proof that any act or omission by the defendant was a substantial factor in causing the plaintiff's injuries. *See id.* (holding "[m]ere proof that Ernestina Moreno was injured in LMB's parking lot is not proof of such proximate cause"); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551–52 (Tex. 2005) (holding summary judgment proper when no evidence existed that any of premises owner's "acts or omissions were a substantial factor in causing" plaintiff's injuries); *Sw. Key Program, Inc. v. Gil–Perez*, 81 S.W.3d 269, 274 (Tex. 2002).

Concerning ownership of the premises, "to prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premises where injury occurred." *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999); *Strunk v. Belt Line Rd. Realty Co.*, 225 S.W.3d 91, 100 (Tex. App.—El Paso 2005, no pet.) (recognizing "plaintiff has the burden of proving that the injury occurred on premises owned or occupied by the defendant before duty can be imposed [in a premises liability

9

case]"). A plaintiff must establish that the defendant had control over and responsibility for the premises before a duty can be imposed on the defendant. *See Cty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). A property owner has no duty to ensure the safety of persons who leave the owner's property and will not be liable for injuries that occur off the owner's property. *See Hyde v. Hoerauf*, 337 S.W.3d 431, 436–37 (Tex. App.—Texarkana 2011, no pet.); *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762–63 (Tex. App.—Houston [1st Dist.] 1994, no writ); *see also Alarcon v. Bed, Bath & Beyond, Inc.*, No. 04-03-00551-CV, 2004 WL 1453465, at *1 (Tex. App.—San Antonio June 30, 2004, no pet.) (mem. op.) ("[A]s a rule, to prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premise where injury occurred.").

## 2. Application of the Law to the Present Facts

If the condition of the premises that posed an unreasonable risk of harm was the arrangement of the outdoor furniture on the patio area, the evidence conclusively establishes, and in fact the parties agree on appeal, that Laddie's injuries leading to his death occurred as he maneuvered the front legs of his walker off the curb in front of CRH and fell and that Margaret's injuries occurred when she was pulled down on top of Laddie by the gait belt. That is, neither Laddie nor Margaret exited CRH the way they entered; they did not backtrack through the sidewalk patio area but instead exited straight out CRH's front door and walked approximately six to eight feet to the curb where the front end of their

10

vehicle was parked pointed at CRH's front door. Laddie then maneuvered his walker off that curb on the passenger side of the couple's vehicle. Neither Laddie nor Margaret walked through the furniture portion of the patio area; neither Laddie nor Margaret encountered or touched any outdoor furniture when they exited CRH. The mere fact that an accident occurred does not constitute either evidence of an unreasonably dangerous condition posed by the outdoor furniture or proof that any act or omission by CRH with respect to the outdoor furniture was a substantial factor in causing Laddie's death and Margaret's injuries or that without the act or omission by CRH, Laddie's death and Margaret's injuries would not have occurred. *See LMB*, 201 S.W.3d at 688 (holding "[m]ere proof that Ernestina Moreno was injured in LMB's parking lot is not proof of such proximate cause"); *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970) (recognizing plaintiff alleging premises liability claim must show that plaintiff's injury resulted from his contact with condition posing unreasonable risk of harm); *Mize v. Lavender*, 407 S.W.2d 856, 859 (Tex. Civ. App.—Eastland 1966, writ ref'd n.r.e.) (upholding summary judgment for restaurant owner in premises liability case because no evidence existed that alleged unreasonable condition—thick rug—encountered by invitee was a proximate cause of plaintiff's fall). We hold that if the condition posing the unreasonable risk of harm was the arrangement of the outdoor furniture on the patio area, then we agree with Appellees that as a matter of law that condition did not proximately cause Laddie's death or Margaret's injuries. Therefore,

11

because as a matter of law the jury could not have found proximate cause in question 1 or question 5 if the condition was the arrangement of the outdoor furniture on the patio area, any error in the submission of instruction (d) in questions 1 and 5 was harmless; that is, in light of the record as a whole, any error in the submission of instruction (d) was not reasonably calculated to cause and did not probably cause rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Thota*, 366 S.W.3d at 688; *Reinhart v. Young*, 906 S.W.2d 471, 473 (Tex. 1995) (explaining jury charge error reversible only if "in the light of the entire record, it was reasonably calculated to and probably did cause the rendition of an improper judgment"); *Bank of Am. v. Jeff Taylor LLC*, 358 S.W.3d 848, 865 (Tex. App.—Tyler 2012, no pet.) (explaining that regardless of whether issue is a question of law or fact, if the issue is established as a matter of law, there is no harm on appeal when the trial court charges the jury on the issue, the jury answers it correctly, and the trial court's judgment reflects the correct finding).

If the condition of the premises that posed the unreasonable risk of harm was the curb, the evidence conclusively establishes that the curb was not owned or maintained by Appellees. The only evidence in the record establishes that either the City of Denton owns the area where Laddie fell or that it is part of the State Highway System. We agree with Appellees that if the condition of the premises that posed an unreasonable risk of harm was the curb, then as a matter of law CRH owed no duty to Laddie and Margaret because CRH did not own,

12

occupy, or control the curb where Laddie fell and where Margaret fell on top of him. *See, e.g.*, *Cty. of Cameron*, 80 S.W.3d at 556 (recognizing plaintiff in premises liability suit must establish defendant possessed premises before duty will arise); *Wilson*, 8 S.W.3d at 635 (recognizing plaintiff in premises liability case must prove that defendant possessed—that is, owned, occupied, or controlled—premises where injury occurred); *Strunk*, 225 S.W.3d at 100 (same); *see also Hyde*, 337 S.W.3d at 436–37 (holding property owner owed no duty when no injury occurred on property owned, occupied, or controlled by him; injury had occurred on nearby street); *Alarcon*, 2004 WL 1453465, at *1 ("[A]s a rule, to prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premise where the injury occurred."). Therefore, if the condition of the premises that posed the unreasonable risk of harm was the curb, because no evidence exists that CRH owns, occupies, or controls the curb where Laddie fell and sustained the injuries leading to his death and where Margaret fell on top of him, as a matter of law CRH owes no duty to make the curb safe or to warn of the unreasonably dangerous condition of the curb. *See, e.g.*, *Cty. of Cameron*, 80 S.W.3d at 556; *Wilson*, 8 S.W.3d at 635. Therefore, because as a matter of law the jury could not have found in questions 1 and 5 that CRH owed any duty to Margaret and Laddie to make the curb safe or to warn of the unreasonable risk of danger posed by the curb, any error in the submission of instruction (d) in question 1 and

13

5 was harmless. *See* Tex. R. App. P. 44.1(a); *Thota*, 366 S.W.3d at 688; *Reinhart*, 906 S.W.2d at 473; *Bank of Am.*, 358 S.W.3d at 865.

We overrule Margaret's first issue.

## IV. NO ERROR IN GRANTING DIRECTED VERDICT ON NEGLIGENCE PER SE CLAIM

In her second issue, Margaret complains that the trial court erred by granting a directed verdict on her negligence per se claim "based on Appellees' obstruction of a public sidewalk, a violation of both a Denton municipal ordinance and the Texas Human Resources Code."[7]

### A. Standard of Review

A trial court may direct a verdict when a plaintiff fails to present evidence raising a fact issue essential to its right of recovery or when the evidence conclusively proves a fact that establishes the movant's right to judgment as a matter of law. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). A directed verdict is appropriate when reasonable minds can draw only one conclusion from the evidence. *Vance v. My Apt. Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 483 (Tex. 1984). In reviewing the granting of a directed verdict, we follow the standard of review for assessing the legal sufficiency of the evidence. *Cox v. S. Garrett, L.L.C.*, 245 S.W.3d 574, 578 (Tex.

---

[7]Margaret claimed that Section 25-6 of the ordinance of Denton, Denton County, Texas, prohibited the sale of wares, goods, or merchandise from a public street or sidewalk without a permit. Appellees claim this ordinance applies only to "sidewalk vendors." Margaret also claimed that Texas Accessibility Standards prohibited reducing an accessible route by furniture placement.

14

App.—Houston [1st Dist.] 2007, no pet.). We consider the evidence in the light most favorable to the party against whom the verdict is directed. *Id.*

## B. Negligence Per Se

While violations of ordinances and statutes may constitute negligence per se, the plaintiff must still establish that those violations *caused* her injury. *See Marathon Corp.*, 106 S.W.3d at 728–29 (holding code violation, without more, did not prove that premises defect caused plaintiff's fall); *Ham v. Equity Residential Prop. Mgmt. Servs. Corp.*, 315 S.W.3d 627, 633 n.2 (Tex. App.—Dallas 2010, pet. denied) (holding code violations were not evidence that condition of premises caused plaintiff's injury); *McDaniel v. Cont'l Apts. Joint Venture*, 887 S.W.2d 167, 172 (Tex. App.—Dallas 1994, writ denied) (explaining negligence per se by code violation establishes owner's duty, not proximate cause).

## C. Analysis

Viewing all of the evidence in the light most favorable to Margaret, there is no evidence that CRH's lack of a permit (assuming one was required) proximately caused Laddie's death or Margaret's injuries. And there is no evidence that the placement of the outdoor furniture (assuming such placement was violative of the Texas Accessibility Standards) proximately caused Laddie's death or Margaret's injuries because—as reflected in the security video footage of Laddie's and Margaret's leaving CRH—Laddie and Margaret exited straight out the front door and proceeded directly to their vehicle parked almost directly in front of the front door where Laddie fell as he maneuvered his walker off the

15

curb.  Laddie and Margaret did not walk through the outdoor patio area to the handicap ramp, nor did they touch or encounter any outdoor furniture during their exit from CRH.  Thus, viewing all of the evidence in the light most favorable to Margaret individually and on behalf of Laddie, no evidence exists that any negligence per se by Appellees in violating an ordinance or a statute (if they did), was a proximate cause of Laddie's death or Margaret's injuries; accordingly, the trial court properly granted a directed verdict on the negligence per se claim. *See, e.g.*, *Turner v. NJN Cotton Co.*, 485 S.W.3d 513, 523 (Tex. App.—Eastland 2015, pet. denied) (holding trial court did not err by granting directed verdict on tortious interference claim because record disclosed complete absence of a vital fact); *LG Ins. Mgmt. Servs., L.P. v. Leick*, 378 S.W.3d 632, 642 (Tex. App.—Dallas 2012, pet. denied) (holding trial court did not err by granting directed verdict on Leick's breach of fiduciary duty counterclaim because no evidence existed supporting it).

We overrule Margaret's second issue.

## V. Conclusion

Having overruled both of Margaret's issues, we affirm the trial court's judgment on the jury's verdict.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and SUDDERTH, JJ.

SUDDERTH, J., concurs without opinion.

DELIVERED:  April 6, 2017